UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCISCO VILLASENOR, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> RECKITT BENCKISER, *et al.*, <br><br> Defendants. | NO. CV-04-5027-RHW <br><br> **ORDER AMENDING SCHEDULING ORDER; GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION** |

The parties have filed an Agreed Motion to Continue (Ct. Rec. 35) requesting the jury trial be continued six months. Also before the Court is Defendants' Motion for Reconsideration of Motion to Compel (Ct. Rec. 30). On July 15, 2005, the Court granted Plaintiffs' Motion to Compel and awarded attorneys fees pursuant to Fed. R. Civ. P. 37(a)(4). Defendants ask that the Court reconsider the award of attorneys fees. In their response, Plaintiffs indicate that they will not seek attorneys fees.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Reconsideration of Motion to Compel (Ct. Rec. 30) is **GRANTED**.

2. The Agreed Motion to Continue (Ct. Rec. 35) is **GRANTED**. The jury trial on February 6, 2006 is stricken and continued to **September 25, 2006**, in Richland, Washington.

3. All non-dispositive hearings in which oral argument has been requested shall be conducted telephonically unless approved for in-person argument by the

Court. If in-person argument is desired, the parties must advise the Court why in-person argument would be appropriate when contacting the Court to schedule the hearing. All dispositive hearings in which oral argument has been requested shall be heard in-person. The parties may ask the Court to appear telephonically. The Court attempts to rule on any pending motions within a 30-day period. If the parties have not received an Order 30 days after a hearing, contact the Courtroom Deputy to inquire as to the status.

    4. The parties shall contact the Court if they believe a settlement conference should be held.

    5. The parties shall exchange the materials identified in Fed. R. Civ. P. 26(a)(2)(B) in accordance with the following schedule but shall not file these materials with the Court.

    The parties shall identify expert witnesses to be called at trial and shall exchange Rule 26 materials for those witnesses on or before APRIL 13, 2006, for all issues on which they bear the burden of proof. Ordinarily, that means that Plaintiffs shall disclose experts supporting its case in chief, and that Defendants shall disclose experts supporting any affirmative defenses.

    The parties shall identify expert witnesses to be called at trial and shall exchange Rule 26 materials for those witnesses on or before MAY 15, 2006, for all issues on which the opposing party bears the burden of proof. Ordinarily, that means that Defendants shall disclose experts opposing Plaintiffs' case in chief, and that Plaintiffs shall disclose experts opposing any affirmative defenses.

    All rebuttal expert witnesses shall be identified, and Rule 26 materials exchanged, on or before MAY 30, 2006.

    The parties may modify the deadline for exchange of expert disclosures by joint stipulation filed with the Court. Pre-trial disclosure of the identity of all other persons shall conform to the requirements of Fed. R. Civ. P. 26(a)(1) (persons with relevant knowledge) and 26(a)(3) (witnesses).

**ORDER AMENDING SCHEDULING ORDER; GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 2**

6. All discovery shall be completed on or before JUNE 27, 2006. The parties shall file no discovery except as necessary to support motions. Counsel may contact the court telephonically to obtain an expedited ruling on discovery questions if they wish to avoid the time and expense of a written motion.

7. All dispositive motions shall be filed and served on or before JULY 7, 2006. As with all motions filed in this case, dispositive motions shall comply with the page limits set forth in Local Rule 7.1(h). Contrary to Local Rule 7.1(h), dispositive motions shall be noted for hearing at least 45 days after the date of filing. Motions for which expedited consideration is requested must be accompanied by a written request setting forth in detail the reasons for an expedited hearing. All dispositive motions shall be scheduled for in-person argument.

8. Exhibit lists and witness lists shall be filed and served, and exhibits made available for inspection (or copies provided), on or before AUGUST 11, 2006. The witness list shall include identification of each witness's testimony. Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial.

Objections to such lists and any accompanying briefs shall be filed and served on or before AUGUST 18, 2006. Objections shall be heard at the pretrial conference. Copies of the exhibits to which there are objections shall be provided to the Court on or before AUGUST 18, 2006.

In accordance with Local Rule 83.1(g), each party shall bring to trial and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit. It is recommended that these photocopies be organized into separate binders.

9. All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions in limine to be filed and served on

**ORDER AMENDING SCHEDULING ORDER; GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION** ~ 3

or before AUGUST 18, 2006.  Responses shall be filed and served on or before AUGUST 28, 2006.  Such motions will be addressed and resolved at the pretrial conference.

Challenges to the admissibility of expert opinion testimony shall be made by motion in limine and shall be heard at the pretrial conference.  If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its motion in limine.  The party shall describe the nature of the evidence to be presented and provide an estimate of the amount of time required for the hearing.

10. Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served on or before AUGUST 11, 2006.  Cross-designations by highlighting in a different color shall be served on or before AUGUST 21, 2006.  Objections to any designated deposition testimony shall be filed and served on or before AUGUST 31, 2006, and shall be heard and resolved at the pretrial conference.  Copies of designations to which there are objections shall be provided to the Court on or before AUGUST 31, 2006.

11. A joint Pretrial Order, prepared in accordance with the format provided in Local Rule 16(b), shall be filed on or before AUGUST 25, 2006, in written form and on a computer disk, preferably on a WordPerfect format.

The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above.  In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

12. A telephonic pretrial conference will be held at 9:00 a.m., on SEPTEMBER 8, 2006.  At the time scheduled for the pretrial conference, the parties shall call the Court's conference line at (509) 353-3180. The parties should advise the Court if they believe that an in-person pretrial conference would be

appropriate.

13.  Trial briefs and requested voir dire shall be filed and served on or before SEPTEMBER 11, 2006.

14.  Prior to SEPTEMBER 11, 2006, the parties shall confer regarding jury instructions.  On or before SEPTEMBER 11, 2006, the parties shall jointly file a complete set of jury instructions that contains: 1) copies of each instruction on which the parties agree; and 2) copies of each instruction that is disputed (i.e., a copy of each party's proposed version, if any, of an instruction on which they do not agree). All instructions shall be short, concise, understandable, neutral statements of the law; argumentative instructions shall not be submitted or given. To be complete, the joint set of instructions must include instructions addressing the elements of each claim or defense, and a proposed verdict form. Instructions need not be submitted on issues that are not unique to this case, such as standard opening and closing instructions. Two copies of each proposed instruction, one cited and one uncited, shall be filed in written form and on a computer disk, preferably on a WordPerfect format.  *See also* Local Rule 51.1.

On or before SEPTEMBER 11, 2006, each party shall file and serve a legal memorandum addressing any objections the party has regarding any instructions proposed by any other party. In their memoranda, the parties shall identify the specific portion of any proposed instruction to which they object and shall concisely state the basis for the objection. If any of the proposed instructions are modified versions of model instructions, the parties shall identify the modification and legal authority for the modification. Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection. Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party. Any objection or proposed instruction for which a good faith basis does not exist may result in sanctions. The party proposing a disputed

**ORDER AMENDING SCHEDULING ORDER; GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 5**

1  instruction may file a memorandum responding to any other party's objections, but
2  must do so on or before SEPTEMBER 18, 2006.

3      15. On SEPTEMBER 21, 2006, the Courtroom Deputy or Jury
4  Administrator will prepare a seating chart using a computer program that randomly
5  places the jurors in seating order. (*I.e.*, all the jurors summoned for the trial will be
6  placed in the program. The Courtroom Deputy or Jury Administrator will run the
7  program to randomly place the jurors in a seating order.) Counsel and the parties
8  may be present to view this selection. Counsel and the parties shall contact the
9  Courtroom Deputy one week prior to this selection if they wish to be present
10 during the preparation of the seating chart. The failure to attend will be deemed a
11 waiver of any right to be present.

12     Following the selection, the names of the potential jurors are on a seating
13 chart that is provided to counsel, along with the Juror Questionnaires and "Strike
14 Sheet." The Juror Questionnaires are placed in the order of the seating chart, to
15 facilitate jury *voir dire* and selection at trial. These materials may be picked up at
16 the Federal Clerk's Office at Noon the Friday preceding trial.

17     Jury selection at trial is by means of the "Struck" method. After the court
18 has concluded its questioning of the jury venire, counsel may be permitted to ask
19 questions of the entire panel as a group, asking follow-up questions to individuals
20 as appropriate. The time permitted is normally 20 minutes for each side, followed,
21 if necessary, by supplemental questioning as permitted by the court. Counsel are
22 cautioned not to argue their case through the *voir dire* process. If either counsel
23 violates this admonition, counsel's *voir dire* may be limited or terminated. If
24 counsel request, the *voir dire* process may be discussed at the pretrial conference.

25     16. The **jury** trial shall commence at 9:00 a.m. on SEPTEMBER 25, 2006,
26 in Richland, Washington. Counsel shall meet with the Court in chambers at 8:30
27 a.m. on the day of trial.

28 ///

**ORDER AMENDING SCHEDULING ORDER; GRANTING
DEFENDANTS' MOTION FOR RECONSIDERATION ~ 6**

1  **IT IS SO ORDERED.** The District Court Executive is hereby directed to
2  enter this order and to furnish copies to counsel.
3  **DATED** this 3rd day of October, 2005.

   s/ ROBERT H. WHALEY
   Chief United States District Judge

Q:\CIVIL\2004\Villasenor\Villasenoramendsch.ord.wpd

**ORDER AMENDING SCHEDULING ORDER; GRANTING
DEFENDANTS' MOTION FOR RECONSIDERATION** ~ 7